NELSON & O'BRYAN, TRUSTEES OF NELSON vs. JAMES RUSSELL'S ADMINISTRATORS.

1. The classification of a demand against an estate, if erroneous, should be appealed from when made. The county court has no right to change it at a subsequent term, after the administrator has exhausted the assets in the payment of debts.

2. The doctrine of retainer, as it existed at common law, in favor of executors and administrators, is abolished by our statute.

3. The statute does not require that a classification of a demand should be entered on the record at large. An endorsement of its class on the claim itself, and an entry on the abstract book, is all that is required, to give the allowance and classification validity.

Nelson & O'Bryan vs. Russell's adm'rs.

ERROR to Cooper Circuit Court.

ADAMS & MILLER, for plaintiff in error.

1. The law fixes the class to which demands belong, against the estates of deceased persons, and by law all demands, legally exhibited within one year from the date of the letters of administration, properly belong to the fifth class: Revised Code 1835 and 1845, title administrations, art. 4, secs. 1 and 5.

2. It is not necessary that the demand should be allowed within twelve months from the date of the letters of administration, nor that it should be presented for allowance within that time. To place the demand in the 5th class, it is only requisite to give the administrator notice in writing of the demand within the twelve months, and in this case the administrator was one of the payees and the sole custodier of the bond. He could not notify himself and his remedy was in his own hands. He had the right of retainer and when funds came to his hands, this demand was entitled to its due proportion thereof as a 5th class demand, and was ipso facto extinguished to the extent that funds for the payment of 5th class debts came to his hands. He had no right to keep it on foot and let the interest accumulate against the estate. See sec. 5 of art. 4 Revised Codes 1835 and 1845. 2nd United States Digest, 404. Montaigne vs. Keith, 2 Hill S. C. 340. 3rd John's Digest, 338; 2 Paige 149; 3 Blackstone Com. 19, 20; 1 B. and P. 630; 8 T. Rep. 407; 2 John's R. 474; 1 Tucker's Com. 429; Tollers Ex. 295; 1 Salk. 306.

3. The class to which demands belong is fixed by law, and the statute requiring the county or probate court to determine the class of demands is merely directory, and its failure determine the class, could not affect the rights of the claimant, and if the court should act upon the matter, its action is not such a res adjudicata that it could not upon a proper state of facts, and under proper notice be enquired into and corrected. The classification is no part of the allowance of the demand—is not a question that is ever submitted to a jury or to the court upon the issue whether a party is entitled to the allowance of his demand, but is a matter arising upon motion after the demand is allowed, and is in the nature of a summary proceeding—is similar to a motion in the progress of a cause or after it has been determined, and in all such cases it has ever been held that the matter may be re-investigated upon a proper state of facts: Simson vs. Hartt, 14 I. R. 75, 76; Callahan vs. Griswold, 9 Mo. 785, 791.

4. As the facts upon which this motion is based were not before the county court, and the attention of that court was confined to the date of the allowance, they formed a proper basis for the interposition of the probate court in placing the allowance in its proper class; the 5th class, to which under the statute, it properly belonged.

5. The fact that no money was in the hands of the administrator at the time this motion was made, is no reason why it should not be entertained, and the demand placed in its proper class; for money might hereafter come to his hands and the other creditors, especially the 6th class creditors might be compelled to refund (either by the administrator or by this creditor) their due proportion of this demand, in as much as by mistake or ignorance of the facts, they have received more money on their demands than they were entitled to: Walker vs. Hill, 17 Massachusetts Reports 380.

6. This demand, in point of fact, never was classed by the county court. That court is a court of record, and can only speak by its records. The minute books of a court are not its proper records and unless a matter is transferred to the records at large, it will not be considered as an act of the court. The very fact of its not being transferred to the records at large, is evidence that it was not considered as the act of the court.

HAYDEN, for defendants in error.

1. The probate court, at its January term, 1848, had no power or jurisdiction to revise and cor-

Nelson & O'Bryan vs. Russell's adm'rs

rect the judgment of the county court, rendered in the year 1845, in the classification of said demand for payment by the administrator.

2. If the probate court possessed the power contended for by the plaintiffs in the motion, (which is denied) there is no evidence in the record showing that it ought to have been exercised by the court for these reasons: First, the claim was not exhibited to Trigg and Russell, as said administrators, or either of them, within the meaning of the administration law, so as to entitle it as a demand, to a place in the 5th class. Second, the two out of the three plaintiffs, in having the claim placed in the 6th class, could not, against the will of the third plaintiff, change the order of the court or its judgment. Third, the judgment re-classing a claim, after the application of all the funds of the estate by the administrator, in the payment of the 6th class of demands pro rata, including the claim in controversy, under the judgments of the county court, would, under the circumstances of this case, be most iniquitous. For the administrators were bound to pay the debts allowed against them in the order they were classed. See article 4, sections 1, 4, 5, 6, 8, 12, 21, 22, 23, 24, 28.

3. If Trigg neglected to present the claim, as payee, for allowance against the estate of J. H. Russell, as soon as it ought to have been, or might have been done, Nelson & O'Bryan, as payees, were equally guilty of negligence, being joint payees of the note, and therefore, as such parties, they have no right to complain of Trigg, having failed to show that Trigg had taken upon himself the burthen of collecting the debt, and in the further absence of proof, that they, as his co-payees had requested him to act and that he had refused, though bound to do so. The question as to the consequences resulting from any supposed negligence of Trigg, as one of the payees, is one to be settled between him and the other two payees, or between them as trustees and their cestue que trust, Margaret Nelson, if any injury have been occasioned thereby.

4. It was not the duty of Trigg, as administrator, to apply to the county court or probate court to have a judgment entered up against the estate which it was his duty to defend. He had a right, as a payee of the note, to peril his interest in it for the benefit of an estate upon which he had administered; and there is nothing in the record showing that Nelson & O'Bryan, as co-obligors in the note, have any right to complain.

5. If the judgment, placing the claim in the 6th class, were not obtained as soon as it might and ought to have been, yet this does not prove that it was or is an erroneous judgment; but at most is evidence of an omission for which he and his co-payees may equally suffer; but is no evidence that he is responsible to them for such omission, or that the order of administering the estate should be changed.

Scott, J., delivered the opinion of the court.

Thomas W. Nelson was security on a bond executed by the intestate, J. W. Russell, for a thousand dollars payable to himself, Jordan O'Bryan and Wm. H. Trigg, trustees of Margaret Russell. J. H. Russell, having departed this life on the 19th September, 1843, Wm. H. Trigg and Thos. Russell became his administrators. Trigg was the active administrator and took upon himself the collection of the debts due the estate. On the 8th August 1845, Trigg, as one of the payees of the bond due by Nelson as security for J. W. Russell, presented the same to the court of probate for allowance. The demand was allowed and placed in the 6th class. The entry of the classification of the demand was made upon the minutes of the court, but not transferred to the record at large. There was a memorandum on the bond in the handwriting of the

presiding justice of the county court in these words, "$1291 66, judgment 6th class," and also an endorsement by the clerk in these words, "judgment rendered, August 8th, 1845 (6th class) $1291 66 2-3, attest B. E. Ferry, clerk." An entry of the same kind was made in the abstract book of the clerk.

At the January term, 1848, of the probate court of Cooper county, Jordan O'Bryan and Thomas W. Nelson, the payees of the said bond, moved to change the classification of the demand that had been previously made, and to place it in the 5th class of claims against the estate of Jas. Russell. It appeared in evidence, on this motion, that Trigg, one of the payees of the bond and also the administrator of the obligor, Russell, had had the possession of the bond from the date of its execution, and also that he was the active administrator in paying and collecting the debts of the estate. It was admitted that there was no money in the hands of the administrators when the motion was made, all the funds of the estate having been exhausted in the satisfaction of demands in the 5th and 6th classes.

The probate court sustained the motion and placed the bond in the 5th class of demands against the estate. Upon an appeal, this order was reversed by the circuit court, upon which this writ of error was sued out.

We do not see on what grounds the application of the plaintiff in error can be based. Nelson, the surety who seeks this relief, being also one of the payees of the bond, might have had it exhibited within time to be entitled to a place in the 5th class. Disappointment in his reliance on Trigg, who united in himself the character of payee of the bond and administrator of the obligor, can give him no pretence to affect the rights of others. For if the classification of this demand is changed, and thereby a deficiency of assets should occur to satisfy the demands of the 5th class, the court would force Trigg to commit a devastavit, for a creditor cannot be forced to refund: Lowthian vs. Hassell, 4 Brown. Chan. Rep. 124. That Trigg was the active administrator can make no difference. The classification, if erroneous, should have been appealed from when made. The omission of its entrance on the record at large, confers no right on the plaintiffs in error to come in at this time and claim a change. If it were necessary, in order to entitle a party to an appeal, that the classification should have been of record, an application might have been made to amend.

The doctrine of retainer, as it existed at common law in favor of executors and administrators, does not obtain here. The provision for exhibiting demands against an executor or administrator, when he him-

self is the claimant, abolishes the common law in relation to this subject. Nelson, being one of the payees of the bond, might have exhibited it for allowance against the co-administrator of Trigg or an administrator appointed to defend.

The statute does not require that a classification of a demand should be entered on the record at large. An endorsement of its class on the claim itself and an entry on the abstract book is all that is required.

The other judges concurring, the judgment below will be affirmed.